JAR

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOAN HEFFINGTON, INDIVIDUALLY ) <br> AND ON BEHALF OF MARK W. ) <br> HEFFINGTON, DECEASED, ) <br>                        Plaintiff, ) <br> ) <br>     vs. ) <br> ) <br> PRESIDENT GEORGE W. BUSH; ) <br> UNITED STATES DEPARTMENT OF ) <br> HOMELAND SECURITY, et. al., ) <br> ) <br>              Defendants. ) <br> _____) | Case No. 08-4097-JAR |

## MEMORANDUM AND ORDER

Before the Court are motions to dismiss filed by defendants: President George W. Bush[1] and Department of Homeland Security (Doc. 10); Kansas Medical Mutual Insurance Company ("KaMMCO") (Doc. 39); and Catherine Mitchell, Roger Thomas and Tanglewood Family Medical, P.A. (Doc. 42). Defendants Beck, Wichita Clinic P.A., Wilson, Wesbrook, Reed and Porter filed timely answers but have not filed motions to dismiss. Nonetheless, because the Court lacks subject matter jurisdiction, this action is dismissed in its entirety.

**Default**

Plaintiff has failed to timely respond to the motion to dismiss filed by defendants Catherine Mitchell, Roger Thomas and Tanglewood Family Medical, P.A. She has, however, responded to KaMMCO's motion to dismiss. Under D. Kan. Rule 6.1(d)(2), a response to a motion to dismiss must be filed within 23 days of the initial motion to dismiss, and such 23 days has long since passed. For that reason alone, the motion of these defendants is properly granted;

_____

[1]President Bush's term of office expired on January 20, 2009, when Barack Obama was sworn in as President.

nonetheless the Court will address the merits of the motion.

Plaintiff has also failed to timely respond to the motion to dismiss filed by defendants President Bush and Department of Homeland Security.  Instead, on December 4, 2008, Plaintiff filed a Motion for Default Judgment (Doc. 46) claiming that she never received the motion to dismiss filed by defendants President Bush and Homeland Security.  Even if Plaintiff never received that motion, the Court found no basis for the extraordinary relief of granting a default judgment against these defendants.  Moreover, it is clear from her reference to their motion to dismiss, that by December 4, 2008, Plaintiff was on notice that these defendants had filed a motion to dismiss.  She did not file a response within 23 days after December 4.  Nor did Plaintiff file a response within 23 days after the Court denied the Motion for Default Judgment in a text entry order on December 22 (Doc. 49).  In fact, to date, Plaintiff has not responded. Unopposed motions are "considered and decided as an uncontested motion, and ordinarily will be granted without further notice."[2]

Because plaintiff pursues her action pro se,[3] the Court must remain mindful of additional considerations.  "A  pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[4]  Thus, if a pro se plaintiff's complaint can reasonably be read "to state a valid claim on which the plaintiff could prevail, [the court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of

---

[2]D. Kan. R. 7.4.

[3]Although many of plaintiff's assertions are frivolous and rationally beyond belief, because plaintiff paid the filing fee and did not seek *in forma pauperis* status, the Court may not dismiss this case pursuant to  28 U.S.C. § 1915.

[4]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner,* 404 U.S. 519, 520-21 1972)).

various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[5]  However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."[6]  For that reason, the court should not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues,"[7] nor should it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."[8]  Pro se plaintiffs are subject to procedural rules, such as deadlines to respond to dispositive motions.

**Plaintiff's Complaint**

Plaintiff's Complaint asserts a number of state law claims against all the defendants: Civil Conspiracy/Collusion; Fraud by Commission; Fraud by Omission; Misrepresentation/Concealment; Intentional Fraud; Negligence/Medical Malpractice; Gross Negligence; Detrimental Reliance; Wrongful Death (all defendants except Dr. Reed, Dr. Porter and KaMMCO); and Outrageous Conduct Causing Severe Emotional Distress & Wrongful Death/Outrageous Government Conduct (TORT OF OUTRAGE).

Plaintiff's Complaint also asserts a number of constitutional claims against all the defendants, for violation of Plaintiff's rights under the Fourth and Fifth Amendments.  It asserts a claim for violation of her Sixth Amendment rights against defendants President Bush and Homeland Security only.  And, it asserts a claim for Violation of the Foreign Intelligence Act of

---

[5] *Id.*

[6] *Id.*

[7] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

[8] *Whitney v. State of N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

1978.

Plaintiff's Complaint expressly incorporated by reference "all of the facts in her previous case (No. 07 CV 2970) filed in the Eighteenth Judicial District Court, District Court of Sedgwick County, Kansas, which was dismissed on February 20, 2008."[9]  Despite incorporating "the facts" in that case, plaintiff did not provide to this Court, the petition or any other records from that case.  Plaintiff's Complaint further states that after her "first lawsuit," (Case No. 01C0771), she came to suspect that "the government" had tampered with evidence, as well as brought false charges against her fourteen year old son to try to get her to drop the suit.  After the charges were brought against her son, plaintiff sought assistance from several federal, state and local officials; all declined, stating that it was a "legal matter."  In late 2002, plaintiff sent copies of her appeal from her first lawsuit to President Bush, the FBI, and the SEC, but only received a canned response.  In the years to follow, more "frivolous" charges were brought against plaintiff's son in retaliation for her prior lawsuits, causing she and her son to suffer severe mental anguish.

While hospitalized for surgery in 2006, plaintiff learned from a nurse that many hospital employees are hired on contract.  Plaintiff inexplicably surmised from this that these hospital employees could be easily influenced; and inexplicably this led Plaintiff to conclude that "President Bush had issued a National Security Letter (NSL) against her and had influenced doctors to intentionally botch up her surgery so she would die."

The Complaint goes on to allege that government officials wanted plaintiff to die in order to stop her fight for justice, and that President Bush and other government officials utilized

---

[9]In a violation of Fed. R. Civ. P. 8, plaintiff refers the Court to her website, www.assocforhonestattys.com, so that the Court may read her former complaints and incorporate the allegations the Court believes to be relevant to her present suit.

hospital personnel to keep Plaintiff under surveillance, to "remove her body parts unnecessarily," and "possibly cause her 'accidental' death." All of these actions by government officials "contributed to the wrongful death of Mrs. Heffington's husband, Mark Heffington, from a sudden heart attack on March 23, 2006." Further, "[s]he continues to be unlawfully persecuted and/or unjustly treated by the government, President Bush, and local/state/national government actors– except for Senator Barack Obama."

Notably, the Complaint fails to state that KaMMCO engaged in any of these activities, except for "Negligence/Medical Malpractice" in its "failure . . . to offer a settlement to resolve this matter prior to litigation." The Complaint further asserts that KaMMCO "had a duty to offer a settlement to plaintiff before litigation ensued."

**Legal Standards-Rule 12(b)(1)**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of the case where the court lacks subject matter jurisdiction. Dismissal for lack of subject matter jurisdiction comes in two forms: (1) facial attacks; and (2) factual attacks.[10] When attacked facially, the movant is challenging the sufficiency of the complaint, requiring a court to accept as true all the allegations in the complaint.[11] A factual attack challenges the facts on which the subject matter jurisdiction is based, requiring the court to look beyond the complaint and even allow documentary or testimonial evidence.[12] "In such instances, a court's reference to evidence

---

[10]*Paper, Allied-Indus., Chem. & Energy Workers Intern. Union v. Cont'l Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005).

[11]*Id.*

[12]*Id.*

outside the pleading does not convert the motion to a Rule 56 motion."[13]

**Subject Matter Jurisdiction**

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[14]  "A case arises under federal law if its 'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"[15]  Plaintiff is responsible for showing the court by a preponderance of the evidence that jurisdiction is proper.[16]  Mere allegations of jurisdiction are not enough.[17]

Since federal courts are courts of limited jurisdiction, there is a strong presumption against federal jurisdiction.[18]  A court lacking subject matter jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that such jurisdiction is lacking."[19] "When a defendant brings a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the plaintiff must carry the burden of proving jurisdiction."[20]

---

[13]*Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).

[14]28 U.S.C. § 1331.

[15]*Nicodemus v. Union Pacific Corp.*, 440 F.3d 1227, 1232 (quoting *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994)).

[16]*United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002).

[17]*Id.* at 798.

[18]*Penteco Corp. Ltd. Partnership 1985A v. Union Gas System, Inc.,* 929 F.2d 1519, 1521 (10th Cir. 1991).

[19]*Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974) (citations omitted).

[20]*Mounkes v. Conklin,* 922 F. Supp. 1501, 1505 (D. Kan. 1996) (citing *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

**Claims against President Bush**

One defendant, President George Bush, is absolutely immune from damages liability arising from official acts."[21]

**Tort Claims against the United States, Department of Homeland Security**

Generally, the United States and its agencies are shielded from suits, absent a waiver of sovereign immunity, which is jurisdictional.[22]   The United States, as sovereign, may only be sued to the extent it consents to be sued.[23]   Sovereign immunity must be expressly waived by statute. Any statute purporting to waive the government's sovereign immunity must be strictly construed.[24]   The burden is on Plaintiff to find and prove an explicit waiver of sovereign immunity.[25]   Plaintiff has failed to state, much less show, that the United States has waived sovereign immunity.  To be sure, in the Federal Tort Claims Act, the United States waived its immunity to suits "for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ."[26]   But, this waiver of sovereign immunity is conditioned on the claimant filing a timely tort claim in writing, with the appropriate agency,

---

[21]*See Forrester v. White,* 484 U.S. 219, 225 (1988).

[22]*Dahl v. United States*, 319 F.3d 1226, 1228 (10th Cir. 2003) (citing *Fed. Deposit Ins. Corp. v. Meyer,* 510 U.S. 471, 475 (1994)).

[23]*United States v. Dalm*, 494 U.S. 596, 608 (1990); *United States v. Orleans*, 425 U.S. 807, 813 (1976).

[24]*See, i.e.,United States v. Mitchell*, 445 U.S. 535, 538 (1980) (finding that the Tucker Act does not create any substantive right enforceable against he United States for money damages)..

[25]*Marcus v. Kan. Dep't of Revenue,* 170 F.3d 1305, 1309 (10th Cir. 1999)( "Because the jurisdiction of federal courts is limited, 'there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.'") (citations omited).

[26]28 U.S.C. § 1346(b)(1) .

within two years after the claim accrues.[27]  If the tort claim is not filed with the agency within two years of its accrual, the court has no subject matter jurisdiction under the Federal Tort Claims Act.[28]   Plaintiff has failed to state that she has satisfied this condition precedent to the filing of an action under the Federal Tort Claims Act.

**Constitutional Claims against United States, Department of Homeland Security**

Plaintiff's constitutional claims against the United States are essentially civil rights claims against the United States.  A suit for damages against the United States is barred by sovereign immunity unless such immunity has been waived.[29]  The United States has not waived sovereign immunity in *Bivens*[30] actions.[31]

**Constitutional Claims against KaMMCO and other non-governmental defendants[32]**

Plaintiff claims KaMMCO and the other non-governmental defendants violated her constitutional rights under the Fourth, Fifth, and Sixth Amendments of the United States.  These

---

[27]28 U.S.C. § 2401(b).

[28]*See Dahl v. United States*, 319 F.3d 1226, 1228 (10th Cir. 2003); *Casias v. United States,* 532 F.2d 1339, 1340 (10th Cir. 1976).

[29]*Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989).

[30]In *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388, 395-97 (1971), the Supreme Court held that plaintiffs may seek damages from federal officials in their individual capacities for violations of the Fourth Amendment.  Since *Bivens*, Courts have characterized additional constitutional claims against federal officials as *Bivens* claims*.  See, e.g., Carlson v. Green*, 466 U.S. 14, 18 (1980) (recognizing a *Bivens* action for Eighth Amendment violations).  A plaintiff may not establish liability under *Bivens* against a federal official in his *official* capacity.  *Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1231 (10th Cir. 2005).  The Tenth Circuit has explained that "an official-capacity suit contradicts the very nature of a *Bivens* action" and that "[t]here is no such animal as a *Bivens* suit against a very nature of a *Bivens* action" and that "[t]here is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity."*Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001).  Instead, an action against a federal official in his official capacity is construed as an action against the United States.  *Id.*

[31]*Elrod v. Swanson*, 478 F. Supp. 2d 1252, 1270 (D. Kan. 2007) (citations omitted).

[32]These defendants are: Mitchell, Thomas, Beck, Wilson, Wesbrook, Reed, Porter, Tanglewood Family Medical, P.A., and Wichita Clinic, P.A.

claims could only be brought under 42 U.S.C. § 1983. But an action under § 1983 can lie only against state actors.[33]  Plaintiff has failed to state, much less show, that the doctors, medical practices, and insurance company are state actors.

**Tort Claims against KaMMCO and other non-governmental defendants**

As discussed above, the Court lacks subject matter jurisdiction over the claims against the federal government defendants, as well as the constitutional claims against all other defendants.  With respect to the remaining tort claims against KaMMCO and the other non-governmental defendants, the Court lacks subject matter jurisdiction as well.

Federal courts are courts of limited jurisdiction, able to adjudicate only those cases which the Constitution and Congress authorize.  Federal judicial power derives from and is absolutely limited by Article III, §2 of the Constitution.[34]  There are essentially three bases for federal jurisdiction: federal question;[35] diversity;[36] or as expressed in Article III, §2, and 28 U.S.C. §§1345-1346, cases in which the United States is a party.[37]  The absence of subject matter jurisdiction may be raised by the court sua sponte.[38]

The tort claims against these defendants do not fall within federal question jurisdiction, which exists for all claims "arising under the Constitution, laws, or treaties of the United

---

[33]*Anderson v. Suiters,* 499 F.3d 1228, 1232-33 (10th Cir. 2007).

[34]*Ankenbrandt v. Richards*, 504 U.S. 689, 696-697 (1992).

[35]28 U.S.C. §1331.

[36]28 U.S.C. §1332.

[37]U.S. Const. III, § 2.

[38]*Mansfield, C. & L.M. Ry. Co. v. Swan,* 111 U.S. 379, 382 (1884); *Williams v. Life Sav. & Loan,* 802 F.2d 1200, 1202 (10th Cir. 1986). *See also* Fed. R. Civ. P. 12(h)(3).

States."[39]  And, Plaintiff has failed to state or show that there is diversity jurisdiction.[40]  Indeed,

the doctors and medical practices are Kansas residents, just as Plaintiff is.  There being no

subject matter jurisdiction of these claims, and no subject matter jurisdiction of any other of

Plaintiff's myriad of claims, the Court dismisses this action in its entirety.[41]

**IT IS THEREFORE ORDERED THAT** the motions to dismiss by defendants

President George W. Bush and Department of Homeland Security (Doc. 10); defendant

KaMMCO (Doc. 39); and defendants Catherine Mitchell, Roger Thomas and Tanglewood

Family Medical P.A. (Doc. 42) are **GRANTED.**

**IT IS FURTHER ORDERED** that for lack of subject matter jurisdiction, as determined

by the Court sua sponte, the claims against defendants Beck, Wilson, Wesbrook, Reed, Porter

and Wichita Clinic, P.A. are **DISMISSED.**

**IT IS THUS ORDERED** that **THIS ACTION IS DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

Dated:  <u>January 22, 2009</u>

    <u>S/ Julie A. Robinson</u>
    JULIE A. ROBINSON
    UNITED STATES DISTRICT JUDGE

---

[39]28 U.S.C. § 1331.

[40]Plaintiff's burden to prove the presence of jurisdiction applies equally to jurisdiction based on diversity of citizenship.  *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983); *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

[41]In view of the lack of subject matter jurisdiction on the grounds discussed thus far, the Court will not address defendants' argument that this action is barred under principles of *res judicata* or *collateral estoppel*, although these appear to be additional grounds for dismissal.